7448

STEELE v. McATEER.

WILLS.—Under the will in question the plaintiff did not take any interest in remainder or otherwise in the lands devised.

Before MEMMINGER, J., Lancaster, August, 1909. Affirmed.

Action by Jane M. Steele and Martha P. Parks against F. M. McAteer, James W. McAteer and Mary Knight. The following is the will in question, omitting the formal parts:

First. "After all my lawful debts have been paid, the remainder of my estate, real, personal or mixed, I give, bequeath and dispose of as follows, to wit: To my beloved wife, Mary, the tract of land whereon I now reside, except nine acres, more or less, which I have conveyed by deed, to my son, Francis M. McAteer. The said home tract so given to my wife contains one hundred and twenty-six acres, more

or less. I also give to my said wife, twenty-one acres, more or less, known as a part of the Andrew McAteer tract, lying east of the Monroe Road and south of the Wadesboro Road, and north of said Home tract.

"I also will that all of my personal estate which I may own at the time of my death, together with any crops that may be on hand at that time, also all the provisions which I may have at that time, shall go into the possession of my said wife, for her benefit during her lifetime, to be equally enjoyed by her and my son, F. M. McAteer, Ellen, Amelia, Nancy, James and Mary McAteer, so long as they reside with or near enough to my said wife to attend to the business of the plantation of my wife as above stated, and so long as Ellen, Amelia, Nancy, James and Mary remain single, and if either of my said children should marry before or after the death of my said wife, then such child or children so marrying shall no longer enjoy the use or benefit of her land and personal property left to my wife for the benefit of herself, and the children before named.

Second. "After the death of my said wife, Mary, I will that the land and personal property which I have left to her during her lifetime, as before stated, be held and used in common by my children hereinbefore named, as long as they may remain single except my son, Francis, who is now married; he shall enjoy an equal interest and benefit with my other children hereinbefore mentioned, but if my other children herein named, or either of them, should marry either before or after the death of my said wife, then such child or children shall not enjoy the benefit of or have any control of my property hereinbefore described, until after a division of my said property hereinafter provided for.

Third. "After the death or marriage of all my children before named, and there remains neither of them to enjoy the use of the property hereinbefore described as before stated, then said property shall be disposed of as follows, to wit: All of the personal property then in hand shall be

equally divided between the following named children, or such of them as may be living at that time, viz: F. M. McAteer, Ellen, Amelia, Nancy, and Mary and James, share and share alike.

"But previous to said division if my said wife and children should find it necessary to sell any of said personal property, they will have the right to do so, to aid them to carry on their business and make a support.

Fourth. "I will that the Franklin Nesbit place, all except ten acres, being about thirty acres of a balance, be used in common by my children and said wife, hereinbefore mentioned for their support, and if my son James remains with the family to aid his mother and sisters to make a support, until the general distribution as herein provided for, then he, my said son James, shall have said portion, to wit: thirty acres, more or less of the Franklin Nesbit place.

Fifth. "I leave the Andrew Nesbit or Sarah Nesbit tract of land containing thirty-eight acres, more or less, to be used in common by my said wife and children hereinbefore mentioned in making a support, and if it should become actually necessary for them to sell said tract of land for the purpose of carrying on their business, and making a support, then they shall sell said tract of land, but if said tract is not sold before the general distribution of my personal property as provided for herein, then said tract, together with my home tract and the twenty-one acres of the Andrew McAteer tract given to my said wife during her lifetime as hereinbefore stated, shall be equally divided between those children who will be entitled to my personal estate as directed hereinbefore.

Sixth. "It is also my will that my son, F. M. McAteer, shall have the balance of my Andrew McAteer tract of land, being sixty acres more or less, on the south side of the Wadesboro Road. I also give to my said son Francis, ten acres of the Franklin Nesbit tract of land, not heretofore disposed of in this will.

Seventh. "I give to my daughter, Jane Steele, one dollar, and to my daughter Martha Parks, one dollar, said legacies to be paid by my executors hereafter named.

Eighth. "I hereby appoint Francis M. McAteer and John D. Nesbit to be executors of this, my last will and testament, hereby revoking all former wills by me made."

The Circuit decree is:

"This action was heard by me at Lancaster, Summer term, 1909, upon an agreed statement of facts and oral argument, and later on at my request more complete written briefs were submitted.

"I have been somewhat delayed by a press of other matters, in taking it up for decision; and also owing to the fact that the presentation of the case on behalf of plaintiffs seemed to raise very intricate questions which I was unwilling to attempt to decide until I had ample opportunity for studying them up in the abstract, and getting a clear understanding of the case from every view point.

"After having done this I think that while the claim on behalf of plaintiffs is technically and theoretically well constructed upon the basis of the third clause of the will considered independently, it fails entirely when the whole will is considered and construed together, as it must be.

"The plaintiffs are two married daughters of the testator, Eli McAteer, who are 'cut off with a shilling' in the will as follows:

" 'Seventh. I give to my daughter, Jane Steele, one dollar, and to my daughter, Martha Parks, one dollar, said legacies to be paid by my executors hereinafter named.'

"The eighth and last clause of the will appoints the executors. There is nothing equivocal about this; and no difficulty in reaching the conclusion that the testator intended that these daughters should inherit nothing under the will. And if it is held, as they now claim, that they do inherit, it must be upon some fluke of the law arising out of a mistake in

framing the will, and in diametric opposition to the clearly expressed intention of the testator.

"Of course such a clearly expressed intention cannot be carried out in conflict with settled rules of law; and the rule relied upon for plaintiff is under the claim that under the will a life estate was devised to the widow, and that there was to be no distribution of the estate or ascertainment of who would inherit immediately upon her death but until all of the children named as remaindermen were either dead or married; and as this event, to wit: the death of the last unmarried child did not take place until several years after the death of the widow, that there was during that interval no particular estate to support the remainders to the named children, and as the fee could not be in abeyance, the estate reverted to the heirs of the testator then living (including plaintiffs) and the remainders perished for want of a particular estate to support them.

"This view would undoubtedly be correct and obtain for plaintiffs if the question arose under a deed and not under a will whereunder a remainder may be good by way of an executory devise even though there be no particular estate to support it (see 4th Kent, 9th ed., p. 297), or, perhaps, if it be conceded, as plaintiffs claim it must be, that the will conveys a life estate to the widow with contingent remainders over to such of the children as shall be alive when the last unmarried one dies or marries, and the named children are not given any vested interest in the property during the life or after the death of the widow.

"I do not think, however, that the will can be restricted to this strained construction.

"The scheme of the testator, clearly expressed and carried out by the terms of the will, is that his widow is to have a life interest in the property and use it during her life, together with all the named children who were unmarried. As soon as an unmarried child, so using and enjoying the property jointly with the widow, should get married, she

was to abandon this joint occupation, and so on until all were married. If at the time of the death of the widow all were married, then there would be a distribution of the estate equally among them. If at her death there was still an unmarried child, that child would continue to use the property while those who had previously married and who had consequently to retire from the property would await that unmarried one's death or marriage for distribution among them.

"The second clause of the will, which must be eliminated entirely in order to support the claim of the plaintiffs herein, distinctly specifies that there is a vested interest in each unmarried child to continue after the death of the widow should any child be unmarried at her death. See especially this second clause, which for clearness may as well be set out herein as follows:

" 'Second. After the death of my said wife, Mary, I will that the land and the personal property which I have left to her during her lifetime, as before stated, be held and used in common by my children hereinbefore named, as long as they remain single, except my son, Francis, who is now married, he shall enjoy an equal benefit and interest with my other children hereinbefore named, but if my other children herein named, or either of them, should marry either before or after the death of my said wife, then such child or children shall not enjoy the benefit of, or have any control of my property hereinafter provided for.'

"Then follows the third clause providing for final distribution, and later on, and in recognition of the joint and vested interest of the unmarried children and the mother during her life and after her death should there be an unmarried child, a power of sale is actually given them.

"My conclusion, therefore, is without going more particularly into the questions raised, as it seems unnecessary to do so, that under the agreed statement of facts in the light of the will attached thereto, and it appearing that the defend-

ants are those entitled to the estate at the period of distribution named in the will, and that plaintiffs have no interest whatsoever therein, that the complaint must be dismissed.

"And it is so ordered."

From this decree, plaintiffs appeal.

*Mr. J. Harry Foster,* for appellants, cites: *Remainders are contingent:* 10 S. C., 376; 23 S. C., 512; 63 L. R. A., 920; 35 L. R. A., 41; 38 S. C., 75; Hopkins on Real Prop., 282, 284; 26 S. C., 470; 2 Black., 636; 15 Am. St. R., 126; 26 S. C., 470; 79 Am. St. R., 246; 37 S. C., 268; 37 Am. St. R., 136, 216.

*Mr. W. C. Hough,* contra, oral argument.

February 22, 1910. The opinion of the Court was delivered by

Mr. Justice Gary. For the reasons therein stated, the decree of his Honor, the Circuit Judge, is affirmed.

Messrs. Justices Woods *and* Hydrick *concur,* except that they express no opinion as to what would be the effect in a deed of such provisions as are found in the will here under consideration.